# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **RICHARDSON INTERNATIONAL (US) LIMITED, and NATIONWIDE AGRIBUSINESS INSURANCE COMPANY,** | ) ) ) ) ) | |
| **Plaintiffs,** | ) ) | **8:14CV148** |
| **V.** | ) ) | **ORDER** |
| **BUHLER INC,** | ) ) | |
| **Defendant.** | ) ) ) | |

This matter is before the Court on Defendant's Renewed Motion to Compel Answers to Written Discovery (filing 32). For the reasons expressed below, Defendant's motion will be granted.

## BACKGROUND

This action was removed to this Court from the District Court of Dakota County, Nebraska on May 14, 2014. (Filing 1.) On or about September 16, 2014, Defendant served its First Set of Interrogatories and Requests for Production of Documents (the "discovery requests"). In November, 2014, Defendant's counsel contacted Plaintiffs' counsel and inquired as to the status of Plaintiffs' past due discovery responses. The attorneys agreed that the response deadline would be extended to December 12, 2014, and that Defendant's responses to Plaintiffs' discovery requests would not be due until 30 days after Plaintiffs responded to Defendant's discovery requests.

On December 11, 2014, Plaintiffs' counsel informed Defendant's counsel that Plaintiffs required additional time to respond to the discovery requests. In late December, 2014 and early January, 2015, Defendant's counsel contacted Plaintiffs' counsel to discuss Plaintiffs' continued failure to provide discovery responses. On January 26, 2015, counsel agreed to request a status conference with the Court before Defendant filed a motion to

compel.  In early February, 2015, Defendant's counsel contacted the Court to schedule a conference call.  The Court declined to hold a status conference, and informed Defendant's counsel to file a motion to compel if necessary to resolve the discovery dispute.  On March 7, 2015, Defendant's counsel informed Plaintiffs' counsel that Defendant intended to proceed with a motion to compel.

Defendant filed a motion to compel (filing 27) on March 20, 2015.  Plaintiffs responded to the motion on April 2, 2015, stating that they intended to serve discovery responses by April 15, 2015.  (Filing 30.)  On April 3, 2015, Plaintiffs filed another document stating that they had provided responses to the requests and that the motion to compel was therefore moot.  (Filing 31.)

By letter dated April 8, 2015 (filing 34-1), Defendant's counsel instructed Plaintiffs' counsel to provide supplemental discovery responses by April 17, 2015.  Defendant's counsel explained that supplemental responses were warranted because Plaintiffs improperly objected to a number of requests, failed to provide a privilege log, failed to answer Defendant's contention interrogatories and vaguely referenced thousands of pages of documents. Defendant's counsel again contacted Plaintiff's counsel on April 22, 2015, asking whether Plaintiffs planned to respond to the letter.  Plaintiffs' counsel indicated that he would review the April 8, 2015 letter that week.  Defendant did not receive any further response regarding the discovery from Plaintiffs' counsel.  Therefore, Defendant filed its Renewed Motion to Compel Answers to Written Discovery (filing 32) on April 30, 2015.

## DISCUSSION

Defendant seeks an order compelling Plaintiffs to provide supplemental responses to Defendant's September, 2014 discovery requests.  Defendant first argues that Plaintiffs' responses are deficient because Plaintiffs failed to produce a privilege log and did not identify what specific documents are responsive to each request for production. Defendant also asserts that Plaintiffs' responses to the contention interrogatories must be supplemented because Plaintiffs' objection that the interrogatories are premature is improper and, in any

event, has been waived by Plaintiffs' failure to provide timely responses.[1]

In response to Defendant's motion, Plaintiffs have agreed to produce a privilege log and identify documents by Bates number.[2]  However, Plaintiffs assert that their objection based on the prematurity of the contention interrogatories is proper because they need additional fact discovery and information from Defendant before they can provide meaningful responses.  Plaintiffs point out that they timely submitted thousands of documents with their initial disclosures, but, to date, Defendant has only produced a 2-page declaration.  Moreover, Plaintiffs argue that their objections to the contention interrogatories were not waived because they were operating under the assumption that neither party was enforcing the 30-day response requirement set forth in Fed. R. Civ. P. 33(b)(2) and 34(b)(2).  Plaintiffs note that the parties agreed that objections and answers would be provided by Plaintiffs, with Defendant to answer within 30 days of Plaintiffs' responses.  Plaintiffs assert that in the absence of this agreement, Defendant has likewise failed to timely respond to discovery requests served by Plaintiffs.

With respect to the contention interrogatories, the Court agrees that Plaintiffs should be able to provide responses at this time, while reserving the right to supplement and provide additional information as it is revealed through discovery.  Defendant's contention interrogatories ask Plaintiffs to identify and describe the defects Plaintiffs claim existed; any acts of negligence allegedly committed; the manner in which any alleged defects caused the fire; any allegedly inadequate warnings or instructions; the manner of any alleged breach of warranty; any allegedly deficient safety features; and any alleged violation of industry standards.  (Filing No. 29-1.)  Although there is support for deferring answers to contention interrogatories until after other discovery has been completed, *see Lucero v. Valdez*, 240

---

[1] Defendant is not requesting that the Court deem Plaintiffs' objections based on the attorney-client privilege or work product doctrine waived on account of Plaintiffs' tardy discovery responses.  Therefore, issues regarding the waiver of these privileges will not be addressed herein.

[2] Because Plaintiffs have agreed to supplement their discovery responses by providing a privilege log and by identifying documents by Bates number, the Court will not directly address Defendant's motion to compel as it relates to these matters.

F.R.D. 591, 594 (D.N.M. 2007), this case has been pending for over a year and Plaintiffs should be able to articulate their general theories of the case, even if these theories are not fully developed. Moreover, discovery delays in this case are largely attributable to Plaintiffs' continued failure to properly respond to discovery requests that were served in September, 2014. *See Logtake, Ltd. v. IKOR, Inc.*, No. 4:11-cv-05452, 2013 WL 3967750, *3 (N.D. Cal. July 31, 2013) (stating that "[w]hile a party responding to contention interrogatories may object on the ground that it is too early in discovery for the party to make a full and complete response . . . and may reserve the right to supplement its response" the party may waive any such objection by failing to provide timely responses). Therefore, Plaintiffs will be ordered to answer the contention interrogatories and corresponding document production requests.

Defendant has requested an award of attorneys' fees in this matter. At this time, the Court believes that such an award is appropriate. Defendant gave Plaintiffs multiple opportunities to respond to the discovery requests. It was only after Defendant filed a motion to compel did Plaintiffs attempt to provide any responses. Plaintiffs have not articulated any persuasive reason why attorneys' fees are improper under the circumstances.

Accordingly,

**IT IS ORDERED:**

1.     Defendant's Renewed Motion to Compel Answers to Written Discovery (filing 32) is granted.

2.     Plaintiffs shall supplement their responses to Defendant's First Set of Interrogatories and Requests for Production of Documents, including responses to Defendant's contention interrogatories (Interrogatory Nos. 12 through 18) and the corresponding document production requests (Request Nos. 15 and 18), within 14 days of this Order. Plaintiffs shall also produce a privilege log and supplement their discovery responses so as to identify, by Bates number, the documents responsive to each document production request within 14 days of this Order.

3.     By June 23, 2015, Defendant shall submit a motion for reasonable attorneys' fees, which includes an itemization of costs incurred in bringing its original and renewed motion to compel.

**DATED June 8, 2015.**

                              **BY THE COURT:**

                              **S/ F.A. Gossett**
                              **United States Magistrate Judge**