IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RICHARDSON INTERNATIONAL (US) LIMITED, and NATIONWIDE AGRIBUSINESS INSURANCE COMPANY, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | 8:14CV148 |
| V. | ) ) | ORDER |
| BUHLER INC, | ) ) | |
| Defendant. | ) ) | |

This matter is before the Court on Defendant's Motion for Reasonable Attorney Fees and Costs. ([Filing 40](#).) For the reasons expressed below, Defendant's motion will be granted, in part.

BACKGROUND

On or about September 16, 2014, Defendant served its First Set of Interrogatories and Requests for Production of Documents (the "discovery requests"). In November, 2014, Defendant's counsel contacted Plaintiffs' counsel and inquired as to the status of Plaintiffs' past due discovery responses. The attorneys agreed that the response deadline would be extended to December 12, 2014.

On December 11, 2014, Plaintiffs' counsel informed Defendant's counsel that Plaintiffs required additional time to respond to the discovery requests. In late December, 2014 and early January, 2015, Defendant's counsel contacted Plaintiffs' counsel to discuss Plaintiffs' continued failure to provide discovery responses. In early February, 2015,

Defendant's counsel contacted the Court to schedule a conference call regarding the outstanding discovery. The Court declined to hold a status conference, and informed Defendant's counsel to file a motion to compel if necessary to resolve the discovery dispute.

Defendant filed a Motion to Compel (filing 27) on March 20, 2015. Plaintiffs responded to the motion on April 2, 2015, stating that they intended to serve discovery responses by April 15, 2015. (Filing 30.) On April 3, 2015, Plaintiffs filed another document stating that they had provided responses to the requests and that the Motion to Compel was moot. (Filing 31.)

By letter dated April 8, 2015 (filing 34-1), Defendant's counsel instructed Plaintiffs' counsel to provide supplemental discovery responses by April 17, 2015. Defendant's counsel explained that supplemental responses were warranted because Plaintiffs improperly objected to a number of requests, failed to provide a privilege log, failed to answer Defendant's contention interrogatories and vaguely referenced thousands of pages of documents. Defendant's counsel again contacted Plaintiff's counsel on April 22, 2015, asking whether Plaintiffs planned to respond to the letter. Plaintiffs' counsel indicated that he would review the April 8, 2015 letter that week. Defendant did not receive any further response regarding the discovery from Plaintiffs' counsel. Therefore, Defendant filed a Renewed Motion to Compel Answers to Written Discovery (filing 32) on April 30, 2015.

In support of its Renewed Motion to Compel, Defendant argued that Plaintiffs' responses were deficient because Plaintiffs failed to produce a privilege log and did not identify what specific documents were responsive to each request for production. Defendant also asserted that Plaintiffs should be ordered to respond to Defendant's contention interrogatories and that Plaintiffs' objection that the contention interrogatories were premature was without merit, or had been waived by Plaintiffs' failure to provide timely responses.

On June 8, 2015, the Court entered an order granting Defendant's Renewed Motion to Compel. (Filing 39.) In the order, the Court first noted that, in response to Defendant's Renewed Motion to Compel, Plaintiffs had agreed to produce a privilege log and identify documents by Bates Number. With respect to the contention interrogatories, the Court found

2

that Plaintiffs should be able provide responses, while reserving the right to supplement and provide additional information as it is revealed through discovery. The Court stated that although there is support for deferring answers to contention interrogatories until after other discovery has been completed, this case has been pending for over a year and discovery delays in this case are largely attributable to Plaintiffs' failure to respond to discovery requests.

The Court's June 8, 2015 order directed Defendant to file a motion for attorney's fees incurred in connection with the original Motion to Compel and Renewed Motion to Compel by June 23, 2015. Defendant timely complied with the Court's order by filing the instant motion.

### DISCUSSION

Federal Rule of Civil Procedure 37(a)(5)(A) provides:

> If the motion [to compel] is granted–or if the disclosure or requested discovery is provided after the motion was filed–the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (I) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

[Fed. R. Civ. P. 37(a)(5)(A)](). Plaintiffs contend that an award of attorney's fees in this case would be unjust. The Court disagrees. In this case, there are no circumstances which make an award of attorney's fees and costs unjust or otherwise improper.

First, Defendant should not have had to file a motion compelling Plaintiffs to provide

a privilege log. The Initial Progression Order entered in this case requires the parties to produce such a log which, for each document withheld, describes "(a) the general nature of the document; (b) the identity and position of its author; (c) the date it was written; (d) the identity and position of its addressee; (e) the identities and positions of all persons who were given or have received copies of it and the dates copies were received by them; (f) the document's present location and the identity and position of its custodian; and (g) the specific reason or reasons why it has been withheld from production or disclosure." ([Filing 21 at CM/ECF p. 2](#).) The Court acknowledges that Plaintiffs later agreed to produce a privilege log, but this was only after Defendants filed motions to compel. Defendant should not have had to file motions to obtain this information.

Second, as stated in the order on the Motion to Compel, Plaintiffs were given multiple opportunities to respond to the discovery requests. It was only after Defendant filed motions to compel did Plaintiffs attempt to provide any responses.

Plaintiffs assert that they should not be punished for their insufficient and untimely responses because they have engaged in significant discovery while Defendant has stonewalled discovery efforts. Plaintiffs point out that they provided thousands of documents with their initial disclosures and Defendant only produced a two-page declaration. Although Plaintiffs may have produced more information at this point, the fact remains that Plaintiffs did not comply with the Court's Initial Progression Order and, despite multiple extensions given by Defendant, did not provide discovery responses until after a motion to compel was filed.

Defendant's counsel has submitted an affidavit itemizing the amount of attorney's fees and expenses incurred in connection with the Motion to Compel and Renewed Motion to Compel. In total, Defendant is requesting an award of $6,457.27. The Court finds this amount excessive in light of the nature of the discovery dispute. This dispute primarily involved Plaintiffs' failure to provide responses, rather than substantive issues of law. Therefore, the Court finds an award of $2,500.00 reasonable under the circumstances.

Accordingly,

**IT IS ORDERED:**

1. Defendant's Motion for Reasonable Attorney Fees and Costs ([filing 40](#)) is granted, in part. Defendant is hereby awarded $2,500.00 for the filing of its Motion to Compel and Renewed Motion to Compel. Said amount shall be paid or offset at the conclusion of this litigation.

**DATED July 31, 2015.**

        **BY THE COURT:**

        S/ F.A. Gossett
        **United States Magistrate Judge**