IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RICHARDSON INTERNATIONAL (US) LIMITED, and NATIONWIDE AGRIBUSINESS INSURANCE COMPANY,<br><br>     Plaintiffs,<br><br>  v.<br><br>BUHLER INC,<br><br>     Defendant. | 8:14CV148<br><br>MEMORANDUM AND ORDER |

This matter is before the court on motions in limine filed by defendant Buhler Inc.'s ("Buhler"), Filing No. 92, and plaintiffs Richardson International (US) Limited and Nationwide Agribusiness Insurance Company's (collectively, "Plaintiff" or "Richardson") Filing No. 96.

**I. Law**

Although the motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings, performing a gatekeeping function and sharpening the focus for later trial proceedings, some evidentiary submissions, cannot be evaluated accurately or sufficiently by the trial judge in such a procedural environment. *Jonasson v. Lutheran Child and Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). A motion in limine is appropriate for "evidentiary submissions that clearly ought not be presented to the jury because they clearly would be inadmissible for any purpose." *Id.* In other instances, it is necessary to defer ruling until during trial, when the trial judge can better estimate the impact of the

evidence on the jury.  *Id.*  To the extent that a party challenges the probative value of the evidence, an attack upon the probative sufficiency of evidence relates not to admissibility but to the weight of the evidence and is a matter for the trier of fact to resolve.  *United States v. Beasley*, 102 F.3d 1440, 1451 (8th Cir. 1996).

## II.   Buhler's Motion

### A.   Real Party in Interest

Buhler first asserts that because it has been fully compensated for its loss Richardson is not the real party in interest and should be removed from the case under Federal Rule of Civil Procedure 17(a).

Richardson resists the motion in part, contending that both Richardson and Nationwide are real parties in interest in this matter.  Plaintiff suggests that it be named as "Nationwide Agribusiness Insurance Company, as subrogated party for the rights and interests of Richardson International."  Buhler accedes to the change.  Accordingly, the motion will be denied as moot.

### B.   Legal Requirement for Automatic Fire Suppression

Buhler argues that Plaintiff should be precluded from presenting arguments or evidence at trial that there was a legal requirement in Nebraska for automatic fire suppression in the dryer at issue because it claims that there is no "admissible expert testimony on the subject of the proper interpretation of the 1999 version of NFPA 86."
In its reply brief, Buhler clarifies that it "does not seek to exclude testimony to the effect that NFPA 86 (1999) was the applicable code in Nebraska, which is an unremarkable and undisputed fact," rather, it seeks to exclude arguments about the proper interpretation and application of NFPA 86 (1999) to the dryer at issue.  It contends the

2

interpretation of the code provision requires expert testimony and argues that there is no admissible evidence to support the argument. Specifically, it requests preclusion of the argument in opening statements.

The court finds the motion should be denied at this time. There is some evidence in the record concerning the requirements of the 1999 version of NFPA 86. The court cannot evaluate the evidence in the context of a motion in limine. Of course, any party, in opening statements, who refers to evidence later, found inadmissible or unsupported by evidence does so at its peril. To the extent any of the witnesses offer expert testimony on legal matters, a proper objection may be sustained at trial. *See S. Pine Helicopters, Inc. v. Phoenix Aviation Managers, Inc.*, 320 F.3d 838, 841 (8th Cir. 2003)(noting that expert testimony on legal matters is not admissible, matters of law are for the trial judge, and it is the judge's job to instruct the jury on them). Accordingly, the defendant's motion will be denied, without prejudice to reassertion at trial.

### C. Alternative Warnings

Buhler contends that Richardson should be precluded from presenting arguments or evidence at trial regarding "alternative warnings or instructions," arguing that Richardson has not offered related expert opinion on that subject. In response, Richardson contends it properly intends to offer the opinions of Dr. Richard Schnell as set forth in his report. This court's ruling on the defendant's *Daubert* motion is dispositive of this issue. Accordingly, the defendant's motion will be denied.

### D. Fire Marshal Report

Buhler seeks a determination that the Fire Marshal Report is admissible at trial as a public record under Federal Rule of Evidence 803(8). Rule 803(8) is the hearsay

exception for the factual findings of a legally authorized investigation. Fed. R. Evid. 803(8)(A)(iii).

An investigative agency report generally contains double hearsay, the report itself, and what a witness told the investigator. United States v. Taylor, 462 F.3d 1023, 1026 (8th Cir. 2006). "'[T]he report is inadmissible unless each level of hearsay falls within an exception to the hearsay rule.'" Id. (quoting United States v. Ortiz, 125 F.3d 630, 632 (8th Cir. 1997); see Fed. R. Evid. 805. The public-records hearsay exception "provides that a 'record or statement of a public office' is not hearsay if it sets out, in a civil case, 'factual findings from a legally authorized investigation.'" Gen. Mills Operations, LLC v. Five Star Custom Foods, Ltd., 703 F.3d 1104, 1108 (8th Cir. 2013) (quoting Fed. R. Evid. 803(8)(A)(iii)). "To the extent the investigators reported what witnesses, neighbors, former employees, and investigators of prior fires had told them, the reports may have been hearsay if offered for the truth of the matter asserted." Cedar Hill Hardware & Const. Supply, Inc. v. Ins. Corp. of Hannover, 563 F.3d 329, 344 (8th Cir. 2009). See, e.g., United States v. Ortiz, 125 F.3d 630, 632 (8th Cir.1997). United States v. Mackey, 117 F.3d 24, 28–29 (1st Cir. 1997) (referring to "the same 'hearsay within hearsay' problem that is familiar in many contexts, and holding that "hearsay statements by third persons . . . are not admissible under [Rule 803(8)] this exception merely because they appear within public records"). Again, the court is unable to evaluate the evidence in the context of a motion in limine. The admission of such evidence depends on whether it is offered for the truth of the matter asserted or for some other purpose.

Generally the court does not admit such reports due to the double hearsay issue and usual legal opinions found in them. It also appears the Fire Marshal may be called as a witness, which further renders the report inadmissible hearsay.

Accordingly, the court finds that Buhler's motion in limine should be denied, without prejudice to reassertion at trial.

### III. Richardson's Motion in Limine.

Richardson moves to exclude evidence of the following: (1) settlement negotiations; (2) subsequent remedial measures; (3) spoliation claim; (4) a "golden rule appeal," that is, any question, argument, or evidence asking the jurors to place themselves in the position of the parties; (5) any alleged fault of Nationwide; (6) any alleged fault of a nonparty; (7) defense expert Richard J. Martin's opinions on warnings; (8) defense expert Richard J. Martin's opinions on inadequate housekeeping; (9) defense expert Richard J. Martin's opinions as to Fire Marshal Peters' purported opinions on housekeeping; (10) statements of Jeff Levine contained within the State Fire Marshal Report; (11) the purported cause and origin opinion of the State Fire Marshal; (12) testimony from Terry Richey; (13) testimony from Gilbert Mayo; (14) undisclosed expert opinions; (15) failure to call witness equally available; (16) reference to the filing of a motion in limine; (17) damage expectation argument; (18) argument that Richardson has already been compensated by insurance; and (19) alleged lack of prior claims, incidents, or accidents.

Buhler challenges only the following requests. It concedes the other issues and those requests will be denied as moot.

#### A. Subsequent Remedial Measures

5

Buhler contends that it may adduce evidence of subsequent remedial measures for other purposes than to prove negligence or culpable conduct on the part of plaintiffs, or to prove the existence of a product defect. It argues it may adduce the evidence (a) to rebut plaintiffs' code compliance arguments; and (b) to rebut plaintiffs' alleged causation based upon the lack of a fire suppression system.

Subsequent remedial measures are ordinarily inadmissible under Federal Rule of Evidence 407 when the evidence is offered to prove negligence or culpable conduct. The evidence may be admissible for other purposes, however. *Anderson v. Malloy*, 700 F.2d 1208, 1213 (8th Cir. 1983). Also, Federal Rule of Evidence 407 does not require the exclusion of subsequent remedial measures in strict liability cases. *Buchanna v. Diehl Mach., Inc.*, 98 F.3d 366, 370 (8th Cir. 1996).

The court is unable to evaluate the admissibility of any such evidence in the context of a motion in limine. The evidence may be appropriate to rebut certain evidence or arguments, but the court must see how the evidence develops. Accordingly, the court will deny the motion at this time, without prejudice to reassertion at trial.

    **B.**    **Spoliation**

Richardson asserts the court should exclude references to the spoliation claim. This issue was addressed in the court's ruling on the defendant's *Daubert* motion. On a proper showing, the court will revisit the issue at trial. Depending on the evidence, the court finds the matter can be adequately addressed either in a hearing immediately prior to commencement of the trial, as an objection with a sidebar, or with a review of the

evidence outside the presence of the jury. Accordingly, the court will deny the motion at this time.

### C. Fault of Nationwide

Richardson moves to exclude references to any alleged fault of Nationwide, arguing that Buhler has neither alleged nor shown any independent culpability of Nationwide, and contending that none exists since this is a subrogation case. Buhler responds that to the extent Richardson argues a violation of insurance industry standards establishes Buhler's alleged fault, it should be permitted to present argument and evidence of Nationwide's contributory fault in failing to ensure compliance with those same standards.

The court finds Buhler's argument is specious. Nationwide is a subrogated party and steps in the shoes of Richardson for purposes of this claim. *See Blue Cross & Blue Shield of Nebraska, Inc. v. Dailey,* 687 N.W.2d 689, 696 (Neb. 2004) ("Generally, subrogation is the right of one, who has paid an obligation which another should have paid, to be indemnified by the other.") Buhler admits as much in its stipulation regarding the real-party-in-interest issue. Buhler has not asserted any independent theory of fault against Nationwide, apart from the alleged contributory fault of Richardson.

Accordingly, the court finds Richardson's motion to prohibit Buhler from arguing that any alleged independent action or inaction by Nationwide was an alleged cause of the damage suffered by Richardson should be granted. Buhler is not precluded from eliciting testimony, presenting evidence, or arguing that the conduct of Richardson supports a comparative fault defense.

### D. Defense Expert Richard J. Martin's Opinions

7

Richardson seeks to preclude defense expert Martin from testifying concerning adequacy of warnings and what constitutes adequate or inadequate housekeeping at a granola or grain processing facility. It argues Martin's opinions on those topics are outside his area of expertise as an expert in cause and origin analysis and the NFPA 86 standard for ovens and dryers. Further, Richardson challenges Martin's testimony on Fire Marshal Peters's purported opinions as inconsistent with Martin's own testimony.

In response, Buhler argues that plaintiff's motion in limine is an untimely *Daubert* motion. The court set forth trial and discovery deadlines based on the parties' stipulation in an Order Amending Pretrial Deadlines dated November 18, 2016. *See* Filing No. 66, Stipulation. *Daubert* motions were due December 19, 2016. *Id.* Richardson did not file a *Daubert* motion by that date. Buhler argues that the plaintiff cannot now bring an untimely expert motion in limine.

The record shows that the expert has produced a report and has been deposed. "When reasonably possible, *Daubert* issues should be raised prior to trial." *In re Air Crash at Little Rock Arkansas, on June 1, 1999*, 291 F.3d 503, 514 (8th Cir. 2002). That is not to say that objections in the nature of a *Daubert* challenge can never be raised at trial. *See id.* Accordingly, the testimony will not be excluded by reason of untimeliness alone.

The court finds that Martin appears to be qualified to testify as an expert on the cause and origin of the fire. To the extent his opinion touches on other subjects, the testimony may be relevant as a factor relied on in forming his opinion or as background information. The court is unable to precisely define the parameters of the expert's relevant testimony in the context of this motion. The expert will be permitted to testify in

conformity with his disclosures and his report. The court is inclined to admit the expert's testimony and to deny the motion. Richardson's contentions appear to go more to the weight than to the admissibility of the evidence. Accordingly, the motion will be denied at this time, without prejudice to reassertion via a timely objection at trial.

### E. Various Purported Hearsay Statements by Witnesses Jeff Levine and the Fire Marshal

Richardson moves to exclude certain statements as hearsay. Buhler contends the statements of Jeff Levine contained within the state fire marshal report are excluded from the definition of hearsay under Federal Rule of Evidence 801(d). It also asserts the cause and origin opinion of the State Fire Marshal is admissible under Fed. R. Evid. 803(8), the public record exception.

The court is unable to evaluate the relevance of the challenged evidence in the context of a pretrial motion. Resolution of the issue depends on what the testimony is elicited to prove. The issues are properly the subject of an objection at trial and can be addressed in that context. The parties' concerns may warrant a cautionary or limiting instruction, but the court cannot determine the ambit of such an instruction at this time. Accordingly, the motion will be denied without prejudice to reassertion.

### F. Remaining Issues (Failure to Call Witness Equally Available, Damage Expectation Argument, and Evidence of Alleged Lack of Prior Claims, Incidents, or Accidents)[1]

Richardson contends several categories of evidence are improper and must be excluded for various reasons. Buhler resists with respect to the above listed items. It

---

[1] Buhler also resists Richardson's motion to exclude evidence or argument that Richardson has already been compensated by insurance. That argument relates to the real-party-in-interest controversy and has been rendered moot by the parties' stipulation.

9

contends, without much specificity, that it should be "permitted to assert that plaintiffs failed to call a witness (as applicable)." It agrees not to assert in closing argument that Richardson grossly exaggerates the amount of damages, but contends it is entitled to make any argument and offer any evidence or testimony regarding damages that is reasonably inferable. It also contends it should be permitted to argue to the jury that Richardson had no problems with Buhler's dryers prior to or after this incident, and has since bought additional Buhler dryers. It argues that Buhler's equipment's historical performance at Richardson's facility is highly relevant to the issues of product defect and adequacy of warnings.

The court finds the plaintiffs' challenges are for the most part premature. The court cannot evaluate the parties' positions without hearing the evidence. The topics of any failure to call witnesses (and the propriety of a negative inference instruction in that event) and improper damages argument are properly the subject of objections at trial.

With respect to evidence of a lack of prior problems, Buhler's argument is misplaced. Buhler cites cases that involve evidence of prior similar incidents, not evidence of a lack of prior similar incidents.[2] The absence of a similar incident does not have the same probative force as evidence of similar incidents and could be unduly prejudicial and confusing. Moreover, even evidence of similar incidents might not be especially relevant, in view of the fact that the dryer at issue was fabricated for the

---

[2] Although evidence of similar incidents may be relevant to prove the defendant's notice of defects, the defendant's ability to correct known defects, the magnitude of the danger, the product's lack of safety for intended uses, or causation, see *Lovett ex rel. Lovett v. Union Pac. R.R. Co.*, 201 F.3d 1074, 1081 (8th Cir. 2000), "'admitting similar-incident evidence also threatens to raise extraneous controversial issues, confuse the issues, and be more prejudicial than probative.'" *J.B. Hunt Trans., Inc. v. Gen. Motors Corp.*, 243 F.3d 441, 445 (8th Cir. 2001) (quoting *Lovett*, 201 F.3d at 1081). "[T]he party seeking admission of the [similar-incident] evidence must demonstrate that the circumstances between the two incidents are substantially similar." *Id.* (citation omitted)).

10

facility and was not a mass-produced item. The court cannot envision that the challenged evidence could be relevant, but will allow reassertion at trial on a proper showing. The court will admit the evidence at issue only with proper foundation and a showing that it is relevant to the issues in the case, and only to the extent that the relevance of the evidence outweighs its potential to cause prejudice or confusion under Fed. R. Evid. 403.

Accordingly, the court finds that Richardson's motion in limine should be denied at this time, without prejudice to reassertion via timely objection at trial.

IT IS ORDERED:

1. Defendant's motion in limine (Filing No. 92) is denied without prejudice.

2. Plaintiffs' motion in limine (Filing No. 96) is granted in part and denied, without prejudice in part, as set forth in this Memorandum and Order.

Dated this 31st day of March, 2017.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge